UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRADLEY SEFF,                                **COMPLAINT - CLASS ACTION**

      Plaintiff,

vs.

BROWARD COUNTY, a political
subdivision of the state of Florida,

      Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRADLEY SEFF, sues the Defendant, BROWARD COUNTY, a political subdivision of the State of Florida, and for his cause of action, declares and avers as follows:

**PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive and equitable relief, equitable and compensatory damages, costs and attorney's fees, in connection with Broward County's "voluntary" wellness program, which program violates the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12102 et seq. (hereinafter referred to as "the ADA").

**JURISDICTION**

2. This action arises under the ADA. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 12117.

3. All administrative requirements have been exhausted and a Notice of Right to Sue was issued by the United States Department of Justice on or about July 26, 2010,

1

based upon a charge of discrimination timely filed with the Equal Employment Opportunity Commission.

## VENUE

4. Venue is proper in Broward County, Florida because the unlawful employment action giving rise to this lawsuit occurred in Broward County, Florida.

## PARTIES

5. Plaintiff, BRADLEY SEFF (hereinafter referred to as "Plaintiff" or "SEFF"), is a citizen and resident of Broward County, Florida, within the jurisdiction of this Court, and otherwise *sui juris* in all respects.

6. Defendant, BROWARD COUNTY (hereinafter referred to as "Defendant" or "BROWARD"), is a political subdivision of the State of Florida and within the jurisdiction of this Court.

7. At times material hereto, SEFF was, and continues to be, an "employee" within the meaning of the ADA.

8. At times material hereto, BROWARD was, and continues to be, an "employer" within the meaning of the ADA.

## FACTUAL ALLEGATIONS

9. Since approximately February 4, 2002, SEFF has been employed by BROWARD as a Real Time Reporter.

10. In or about October 2009, BROWARD disseminated information about its open enrollment process for 2010 health insurance benefits. Part of this open enrollment process included a "voluntary" wellness program, which required participating employees to complete a biometric screening (finger stick for glucose and

cholesterol) and online Health Risk Assessment.

11. Broward's stated objective of the biometric screening and Health Risk Assessment was to provide its employees an awareness of how to live and/or achieve a healthier lifestyle.

12. While BROWARD promotes its wellness program as "voluntary," if an employee enrolled in BROWARD's health insurance chooses not to participate in the biometric screening *and* Health Risk Assessment, a $20 bi-weekly charge is incurred by the non-participating employee, in addition to the bi-weekly premium the employee pays for health insurance.

13. SEFF did not participate in the "voluntary" wellness program.

14. As of June 2010, BROWARD began deducting twenty dollars ($20.00) from SEFF's pay as a result of his non-participation in the "voluntary" wellness program.

15. SEFF has suffered damages as a result of BROWARD's above-described surcharge based on SEFF's non-participation in the "voluntary" wellness program.

16. SEFF has retained the undersigned counsel

## CLASS ACTION ALLEGATIONS

17. SEFF, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks to have this action maintained as a class, comprised of all current and former employees of Defendant who are/were employed by BROWARD and enrolled in its health insurance since the inception of the 2009-2010 "voluntary" wellness program (the "Rule 23 Class"). Alternatively, SEFF, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks to have this action maintained as a class, comprised of all current and former employees of Defendant who are/were employed by BROWARD

and enrolled in its health insurance since the inception of the 2009-2010 "voluntary" wellness program, and who have incurred the twenty dollar ($20.00) charge for failing to participate in the biometric screening *and* Health Risk Assessment (the "alternative Rule 23 Class").

18. Upon information and belief, there are over 5,000 persons in the Rule 23 Class. Additionally, upon information and belief, there are approximately 267 persons in the alternative Rule 23 Class.

19. SEFF believes the larger class is appropriate since it is impossible to know whether and to what extent BROWARD employees participated in the "voluntary" wellness program out of fear of losing twenty dollars ($20.00) from their pay each and every pay period on a go-forward basis. An award of declaratory and injunctive relief, as well as compensatory damages, would be appropriately awarded to these individuals despite the lack of any surcharge (since they participated in the "voluntary" wellness program, although perhaps against their will).

20. The persons either in the Rule 23 Class or alternative Rule 23 Class are so numerous that joinder of all members is impractical.

21. There are questions of law and fact common either to the Rule 23 Class or alternative Rule 23 Class that predominate over questions solely affecting SEFF, including, but not limited to:

   a. Whether BROWARD's "voluntary" wellness program violates the ADA's proscription against making disability-related inquiries or conducting medical examinations;

   b. The nature and extent of the class-wide injury and the appropriate measure

        of damages for either class; and

    c.    Whether declaratory and/or injunctive relief is warranted.

22. SEFF's claim for ADA discrimination is typical of the claims of the Rule 23 Class or alternative Rule 23 Class that he seeks to represent. SEFF and the members of the Rule 23 Class or alternative Rule 23 Class all are current and former employees of Defendant who are/were employed by BROWARD and enrolled in its health insurance since the inception of the 2009-2010 "voluntary" wellness program. Declaratory relief is particularly appropriate with respect to the Rule 23 Class or alternative Rule 23 Class.

23. SEFF will fairly and adequately represent and protect the interests of the Rule 23 Class or alternative Rule 23 Class.

24. SEFF has retained the undersigned counsel who is competent and experienced in complex class actions and in labor and employment law litigation.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this claim, particularly in the context of a civil rights claim where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court.

26. The members of the Rule 23 Class or alternative Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform practices, policies and procedures.

27. The expense and burden required in individual prosecution of this litigation may well exceed the relative damages suffered by any of the individual Rule 23 Class or alternative Rule 23 Class members.

28. Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in the inconsistent judgment about Defendant's practices.

## COUNT I - DISABILITY DISCRIMINATION UNDER THE ADA

29. SEFF incorporates as if fully realleged herein paragraphs 1 through 28.

30. BROWARD's "voluntary" wellness program violates SEFF's rights under the ADA. Specifically, BROWARD's "voluntary" wellness program, which requires participating employees to complete a biometric screening (finger stick for glucose and cholesterol) and online Health Risk Assessment, and penalizes those employees who choose not to participate in the biometric screening and Health Risk Assessment by deducting twenty dollars ($20.00) bi-weekly from the non-participating employee's pay each and every pay period, violates the ADA's prohibition against medical examinations and disability-related inquiries, 42 U.S.C. §12112.

31. Defendant engaged in discriminatory acts and conduct against SEFF with malice and/or with reckless indifference to SEFF's rights under the ADA.

32. SEFF has suffered direct pecuniary losses as a result of BROWARD's above-described violations of the ADA.

33. SEFF has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of BROWARD's discriminatory acts and conduct.

34. SEFF will suffer future pecuniary losses as a direct result of BROWARD's discriminatory acts and conduct.

35. SEFF has no plain, adequate, or complete remedy at law to redress the wrongs

alleged and is now suffering and will continue to suffer irreparable injury from his treatment by BROWARD unless BROWARD is enjoined by this Court.

WHEREFORE, Plaintiff, BRADLEY SEFF, individually and on behalf of the Rule 23 Class or alternative Rule 23 Class, prays that this Honorable Court:

A. Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designate SEFF as the representative of the Rule 23 Class or alternative Rule 23 Class and the undersigned counsel as counsel of record to the Rule 23 Class or alternative Rule 23 Class;

C. Declare BROWARD's conduct to be in violation of SEFF's civil rights;

D. Enjoin BROWARD from engaging in such conduct;

E. Award equitable damages in the form of back pay;

F. Award compensatory damages;

G. Award expenses, including reasonable attorney's fees; and

H. Grant such other and further relief as may be deemed just and proper in the premises.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:   August 10, 2010          Respectfully submitted,
         Boca Raton, FL

                                  *s/ Daniel R. Levine*
                                  DANIEL R. LEVINE, ESQ.
                                  Fla. Bar No. 0057861
                                  E-mail: drlevine@sbwlawfirm.com
                                  SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                  7777 Glades Road, Suite 400
                                  Boca Raton, FL  33434
                                  Telephone:(561) 477-7800
                                  Facsimile:(561) 477-7722