## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61437-CIV-MOORE/SIMONTON

BRADLEY SEFF,

Plaintiff,

v.

BROWARD COUNTY,

Defendant.

_____/

## ORDER CERTIFYING CLASS

THIS CAUSE came before the Court upon Plaintiff Bradley Seff ("Seff")'s Amended

Motion to Certify Class (ECF No. 17).  Defendant Broward County ("Broward") filed a

Response (ECF No. 18) in conjunction with a Motion to Dismiss Plaintiff's Claims for

Declaratory and Injunctive Relief (ECF No. 18).  Seff filed a Reply (ECF No. 22).

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being

otherwise fully advised in the premises, the Court enters the following Order.

## I.      BACKGROUND

This case arises out of alleged violations of the Americans with Disabilities Act of 1990,

42 U.S.C. § 12101, et seq. ("ADA").  According to Seff, around October of 2009, Broward

County implemented a "voluntary" wellness program as part of its open enrollment process for

health insurance benefits.  The program requires participating employees to undergo a biometric

screening and complete an online Health Risk Assessment.  Employees electing not to participate

in the program are charged $20.00–the fee is deducted directly from the employee's paycheck.

As a general rule, the ADA prohibits employers from requiring medical examinations; however,

the ADA does not prohibit employers from "conduct[ing] voluntary medical examinations" as part of an employee health program. See 42 U.S.C. § 12112(4)(A)-(B). The fundamental issue of the case is whether Broward's program is "voluntary."

On October 22, 2010, Seff filed his Motion to Certify Class (ECF No. 16). In Broward's Response (ECF No. 18), it indicated it would accept a class certification with respect to Seff's claim for damages, but not for equitable relief. Broward claimed Seff could not seek declaratory and injunctive relief because he resigned from his employment with Broward, and therefore lacks standing. Thus, he could not adequately represent a class that sought such relief. Within its Response, Broward also moved to dismiss Seff's claims for declaratory and injunctive relief. (ECF No. 18). Seff now voluntarily withdraws his claims for declaratory and injunctive relief, and avers that the Court should grant his Motion to Certify because the Defendant does not object. The Court, however, has an independent obligation to "conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and quotations ommitted). Furthermore, we must also decide whether, having met these pre-requisites, the proposed class satisfies the requirements of Rule 23(b)(3). Therefore, despite the Parties' agreement, this Court will address whether the proposed class can be certified under rule 23.

## II.   CLASS CERTIFICATION

### A.   Standard of Review

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v.

Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See Fed. R. Civ. P. 23(a); Vega, 564 F.3d at 1265. Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." See Vega, 564 F.3d at 1265. While a district court must not decide the merits of the case at the class certification stage, it "can and should consider the merits . . . to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted). Courts may take into account a proposed settlement when deciding a motion to certify a class. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 619-20 (1997).

    B.    Class Definition and Standing

    "Before analyzing the Rule 23(a) requirements, or as part of the numerosity inquiry, a court must determine whether the class definition is adequate." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 477 (S.D. Fla. 2006) (citing cases). A class should be accurately defined; certification should be denied where the class definition is "overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 269 (S.D. Fla. 2003). The requirement of an accurate class definition is satisfied here: Plaintiff's class definition is concise and specific, and permits ready identification of individuals who comprise the Putative Class. Specifically, Plaintiff seeks recovery for

> All current and former employees of Defendant who are/were employed by Broward County and enrolled in its health insurance since the inception of the 2009-2010 "voluntary" wellness program, and who have incurred the twenty dollar ($20.00) charge for failing to participate in the biometric screening *and* Health Risk Assessment

See Am. Mot. To Certify Class, 3 (ECF No. 17). Such a group is readily identifiable.

Further, the named Plaintiff has adequately demonstrated that he, and the other members of the Putative Class, have standing to seek relief in this case. To have standing, a plaintiff must show (1) an "injury-in-fact," (2) a causal connection between the alleged injury and defendant's challenged action, and (3) that "the injury will be redressed by a favorable decision." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). All members of the Putative Class meet all three prongs. They have allegedly suffered (1) an economic loss of at least $20.00 due to (2) Broward's policy of charging employees for electing not to participate in a wellness program, and (3) class members may receive relief through a judgment in this Court in their favor. Accordingly, Plaintiff and the Putative Class have standing to bring this case.

### C. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23 requires a class to be "so numerous that joinder of all members is impracticable." Fed. R. 23(a)(1). As a general rule, a class of less than 21 members is inadequate, and a class of more than 40 members is adequate. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also Newberg & Conte, Newberg on Class Actions, § 3.45 (4th ed. 2009) ("[A]s few as 40 class members should raise a presumption that joinder is impracticable and the

plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone").

Plaintiff points to an e-mail from a Broward County human resources manager dated June 15, 2010, stating that 267 employees would incur the $20.00 charge for that particular pay period. Karen Ruh Human Resources E-mail, 2 (ECF No. 17-1). Though the e-mail only refers to one pay period, it demonstrates a minimum number of plaintiffs in the putative class that is well over the adequate amount. "[A] plaintiff need not show a precise number of members in the class." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983). Joinder of at least 267 plaintiffs is impracticable. Accordingly, Plaintiff has demonstrated that the Putative Class is sufficiently numerous.

2.      Commonality

Commonality demands that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This is a "relatively light burden" that "'does not require that all the questions of law and fact raised by the dispute be common' . . . or that the common questions of law or fact 'predominate' over individualized issues." Vega, 564 F.3d at 1268 (quoting Cox, 784 F.2d at 1557)). Rather, "at least one issue affecting all or a significant number of proposed class members" is sufficient. Fabricant v. Sears Roebuck, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Allegations of a common course of conduct by defendants affecting all class members will satisfy the commonality requirement. See In re Terazosin Hydrochloride Antitrust Litig., 220 F.R.D. 672, 685-86 (S.D. Fla. 2004); Fabricant, 202 F.R.D. at 313; see also Newberg, § 3.10 at 277-78.

A common issue of law exists here.  The crux of this case is whether Broward's "voluntary" wellness program is voluntary within the meaning of the ADA.  Because Broward's policy applied to all employees who enrolled in the health benefits program, and the class is limited to those who employees who incurred a charge, it is likely that these issues can be resolved without individualized factual or legal inquiries.  Accordingly, Plaintiff satisfies the commonality requirement.

### 3.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical . . . [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Vega, 564 F.3d at 1275 (citations and quotation marks omitted).  Commonality and typicality are related, but "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." Id. (citations and quotation marks omitted).  Like commonality, typicality is not a demanding test.  See In re Disposable Contact Lens Antitrust Litig., 170 F.R.D. 524, 532 (M.D. Fla. 1996).

The named Plaintiff's claim is typical of those of the rest of the Putative Class.  Plaintiff was subject to the same charge for non-participation as other members of the Putative Class, and Plaintiff seeks relief based upon the same legal theory as the rest of the Putative Class. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (holding that typicality is established where "the claims or defenses of the class and the class representative

arise from the same event or pattern or practice and are based upon the same legal theory").

Accordingly, Plaintiff has demonstrated that the typicality requirement is met.

        4.    Adequacy

Rule 23(a)(4) requires that "representative parties will fairly and adequately protect the

interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement "encompasses two separate

inquiries: (1) whether any substantial conflicts of interest exist between the representatives and

the class; and (2) whether the representatives will adequately prosecute the action." Busby v.

JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008) (citation omitted).

Here, the alleged conduct towards the named Plaintiff is identical to other Putative Class

members. Thus, no inherent conflict of interest exists. Counsel for Plaintiff has also litigated

similar collective actions in the Southern District of Florida. This Court takes judicial notice of

Levine v. NationsBank, No. 98-6306-cv-WPD (S.D. Fla.), Pendlebury v. Starbucks Coffee Co.,

No. 04-80521-cv-KAM (S.D. Fla.), and Hernandez v. Starbucks Coffee Co., No. 09-60073-cv-

WPD (S.D. Fla.), pursuant to Rule 201 of the Federal Rules of Evidence. Fed. R. Ev. 201.

Accordingly, Plaintiff and Plaintiff's counsel have demonstrated that they can adequately

represent the Putative Class.

        D.    Rule 23(b)(3) Requirements

        1.    Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but

only that some questions are common and that they predominate over the individual questions."

Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004). Issues requiring generalized proof

should predominate over the issues requiring individualized proof. Kerr v. City of W. Palm

7

Beach, 875 F.2d 1546, 1558 (11th Cir. 1989).  In essence, the Court must determine "whether there are common liability issues which may be resolved efficiently on a class-wide basis." Drossin v. Nat. Action Fin. Servs., Inc., 255 F.R.D. 608, 616 (S.D. Fla. 2009) (quoting Brown v. SCI Funeral Servs. of Fla., 212 F.R.D. 602, 606 (S.D. Fla. 2003)).

Here, predominance is shown by the alleged fact that Broward implemented a policy that allegedly violates the ADA, injuring the putative class members.  Given that the putative class members were subject to the same policy, incurring the same charge, for the same behavior, a general determination can be made here whether the ADA was violated.  Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions.

        2.      Superiority

Rule 23(b)(3) sets out four specific considerations pertinent to determining whether a class action is a superior to other forms of action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

This Court finds that a class action is superior to other forms of action given the large number of potential claims, the comparatively small statutory damages each individual Putative Class member would be entitled to, the need for consistent litigation, and the doubtful benefit to the unnamed class members of controlling the litigation themselves.  The potential difficulties in

managing the class are likely to be limited. Accordingly, Plaintiff has demonstrated that a class action is superior to other forms of action.

    E.      Conclusion

Because Plaintiff has shown the Putative Class meets all of the requirements of Rule 23(a) and Rule 23(b)(3), this Court certifies the Putative Class pursuant to Fed. R. Civ. P. 23(b)(3).

## III.    CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that

1. Plaintiff's Motion to Certify the Class (ECF No. 17) is GRANTED.

2. The Court hereby certifies a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of: All current and former employees of Defendant who are/were employed by Broward County and enrolled in its health insurance since the inception of the 2009-2010 "voluntary" wellness program, and who have incurred the twenty dollar ($20.00) charge for failing to participate in the biometric screening *and* Health Risk Assessment.

3.      Bradley Seff is hereby certified as class representative;

4.      Adam S. Chotiner, Esq., Daniel R. Levine, Esq., and Robin I Frank, Esq. are hereby certified as class counsel pursuant to Fed. R. Civ. P. 23(g);

5.      Plaintiff shall submit to this Court a proposed form of notice to all putative class members by December 13, 2010. The proposed notice shall comply with the requirements set forth in Rule 23(c)(2). It is further

ORDERED AND ADJUDGED that Plaintiff's claims for declaratory and injunctive relief are hereby DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Claims

for Declaratory and Injunctive Relief (ECF No. 18) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this **6th** day of December,

2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:      All counsel of record

10